**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4938**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARACELY LOPEZ GOMEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Jr.,
District Judge.  (1:08-cr-00016-WO-2)

Submitted:  August 3, 2009          Decided:  August 21, 2009

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Anna Mills Wagoner, United States Attorney,
Terry M. Meinecke, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aracely Lopez Gomez was convicted after pleading guilty to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006), and was sentenced to forty-six months of incarceration and a five-year term of supervised release. On appeal, Gomez argues that the district court abused its discretion by imposing a term of supervised release significantly greater than necessary to achieve the sentencing objectives of 18 U.S.C. § 3553(a) (2006). Finding no error, we affirm.

When determining a sentence and term of supervised release, the district court must calculate the appropriate advisory guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. Id. at 591. Sentences within the applicable guidelines range may be presumed by this court on appeal to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Gomez, appropriately treating the guidelines as advisory, properly calculating and considering the applicable

2

guidelines range and supervised release term, performing an individualized assessment of the § 3553(a) factors to the facts of the case, and stating in open court the reasons for the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Here, in selecting a five-year term of supervised release, the court articulated the relevant factors, including the need to protect the public after Gomez's release from a low-end guidelines sentence, to deter her from further criminal activity, and to provide guidance to a young defendant involved in the distribution of a large quantity of drugs. Gomez's term of supervised release is within the guidelines range, USSG § 5D1.2(a)(1), and is thus presumed reasonable on appeal. Gomez offers no persuasive argument to rebut that presumption. We conclude that the district court did not abuse its discretion in imposing the chosen term of supervised release.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED